AILLET
v
HENRY.

Where a judgment, the execution of which has been enjoined, bears interest, such additional interest only can be allowed, on dissolving the injunction, as will make the rate allowed equal to the highest conventional interest.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.

*Greves*, for the plaintiff, contended that the service on the plaintiff should have been in french, that being his mother tongue, citing Code Pract. arts. 179, 625, 626.

*Labauve*, for the appellant, cited 15 La. 431.

The judgment of the court was pronounced by

KING, J. The defendant in this suit being a creditor of *Aillet*, the plaintiff, by a special mortgage, importing a confession of judgment, obtained an order for the seizure and sale of the hypothecated property. The plaintiff enjoined the proceeding, on the ground that his mother tongue is the french, and that the petition, notice of the order of seizure, and notice of seizure, were served on her in the english language only. Proof having been made of the facts alleged by the plaintiff, the injunction was perpetuated by the judge below, and the defendant has appealed.

We think that the judgment appealed from is erroneous. In ordinary actions in which citations are necessary, the defendant may, if the french be his maternal tongue, require to be served with a citation and a copy of the petition, in that language. Code of Practice, arts. 172, 179. But it has been repeatedly held that, in executory process it is not necessary to serve the defendant with a copy of the petition; and the Code of Practice (art. 734) expressly dispenses with citation in that proceeding. 15 La. 434. 9 Rob. 12.

The notice required by the 735th and 736th articles of the Code of Practice is not a citation, but is in the nature of a notice of judgment. 7 Mart. N. S. 514. 1 Rob. 297. No law requires that it should be served in the french language, when that is the mother tongue of the defendant.

The defendant prays for interest and damages on the dissolution of the injunction, to both of which she is entitled. The judgment enjoined, however, bears seven per cent interest, and but one per cent in addition can be awarded, eight per cent being the highest rate now allowed by law.

It is therefore ordered that the judgment of the District Court be avoided and reversed. It is further ordered that the injunction issued in this case be dissolved, and that the defendant, *Henry*, have judgment for, and recover from the plaintiff, *Ursin Aillet* and *Mathurin Lejeune*, his surety in the injuction bond, *in solido*, five per cent damages on the amount of the judgment enjoined, and one per cent additional interest on the amount of said judgment, from the date of the injunction to the dissolution of the same; the plaintiff paying the costs of both courts.

---

## O'REILLY *v.* McLEOD.

One who has made useful and necessary repairs to the road and levées on the lands of an absent proprietor, under an adjudication by the inspectors of roads and levées, is entitled to recover from the owner of the land the value of such improvements, with interest from judicial demand, on the principle that no man shall be permitted to enrich himself at the expense of another.

APPEAL from the District Court for Lafourche Interior, *Nicholls*, J. *Cole*, O'REILLY
for the plaintiff. *Beatty*, for the appellant. The judgment of the court was $v.$
pronounced by　　　　　　　　　　　　　　　　　　　　　　　　　　　McLEOD.

ROST J. The defendant is the owner of a tract of land having forty *arpents* front on bayou Lafourche, part of which front is wood land. In the fall of 1844, the inspectors of roads and levées of the district in which it is situated, having satisfactorily ascertained that it was not in the power of the defendant to make to the road and levées upon said land the repairs they required, before the annual rise of the Mississippi river, advertized those repairs to be made, in conformity with the 20th section of the act concerning reads and levées, approved in 1829, and they were adjudicated to the plaintiff, for the sum of $395.

The work was executed in due time, It is proved that it was well worth the price paid for it; that it was done according to the directions of the inspectors, who accepted it when finished, and gave the plaintiff a certificate, that he had fulfilled the obligations imposed upon him by the contract, as near as could be done on land either newly cleared or not cleared at all, and the surface of which had been much cut up by repeated overflows. Several witnesses corroborated this certificate, and proved besides that the road was as good and as well drained as could be expected, and that the levée was strong and well made, and stood the high water without accidents of any kind. The defendant having refused to pay the amount of the adjudication, these proceedings were instituted against the land, in conformity with the provisions of the act already cited. He intervened, by way of opposition, and his counsel have taxed their ingenuity to the utmost, and assumed every ground of defence of which such a case is susceptible. The court below gave judgment in favor of the plaintiff, and the defendant appealed.

Under the state of facts disclosed by the evidence, we conceive the main question involved in this controversy to be, whether the defendant can be permitted to enrich himself at the expense of the laborer, who effectually protected his land from inundation, and himself from the enormous damages for which he might have been liable to his neighbors, if the repairs had not been made, and their lands had been inundated in consequence of his neglect.

That question has long since been settled. It came before the Supreme Court of this State in the case of the *Police Jury* v. *Hampton*, 5 Mart. N. S. p. 389. The court there went into a long and elaborate examination of the law applicable to it, and concluded their able opinion as follows :

"The failure of the police jury to give notice, cannot defeat this action. It is founded on the great principle of equity, that no man shall profit by the labor of another, without compensation ; and neither *error, nor bad faith* on the part of the *negotiorum gestor*, will prevent him from recovering the amount to which he has benefitted another, if the work done *was useful and necessary*." L. 6. 83, Dig. (3. 5).

We shall not weaken the arguments used on that occasion, by attempting to state them. We deem it sufficient to refer to them, and to say that we consider them as establishing conclusively, the rights of the plaintiff in this suit. He is further entitled to interest from judicial demand, and the defendant by his appearance and contestation on the merits, has waived any informalities that might have existed in the proceeding *in rem*.　　　　　　　　*Judgment affirmed.*